UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-30100-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART |
| vs. | ) | AND DENYING IN PART |
| | ) | DEFENDANT'S MOTION |
| SCOTT RAUE, | ) | FOR A BILL |
| | ) | OF PARTICULARS |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

Defendant Scott Raue has filed a motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f).  See Docket No. 141.  The government resists the motion.  This motion was referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 77.  A telephonic hearing was held on this motion on November 12, 2007, at 1:30 p.m.

### FACTS

The facts, insofar as they bear on the pending motion, are as follows.

**A.     The Superseding Indictment**

The superseding indictment in this case contains 55 separate counts.  In counts 1-13 of the superseding indictment, co-defendant Edwin Lee Patzer is charged with giving money on 13 discretely-identified dates from June 24, 2005, through February 1, 2006, to Scott Raue as an agent of the Crow Creek

Tribal Schools[1] with the intent to bribe Mr. Raue. Counts 14-26 are the mirror image of the first 13 counts in that they charge Scott Raue with the offense of receiving the bribes with which Mr. Patzer is charged in the first 13 counts. Counts 1-26 do not specify what form the money was given in (i.e. cash, check or other transmittal), nor do they identify a check number, account, or other identifying information as to the payments. Other than to say that the bribes involved a value of $5,000 or more, charges 1-26 do not specify the amount of the bribes on the 13 indicated dates.

      Count 27 charges Scott Raue with accepting bribes from an unspecified person on March 24, 2003, with the intent to allow himself to be influenced and rewarded in connection with business transactions involving the Crow Creek Tribal Schools. Count 27 does not specify an amount for the bribe, the person who gave the bribe, nor the form of the bribe (cash, check, property, etc.). Counts 28 and 29 charge Scott Raue with money laundering–with structuring two financial transactions on March 24, 2003, so as to conceal the nature of the transaction, knowing that the proceeds of the transaction represented at least some of the proceeds of a bribe. The indictment informs Mr. Raue of the fact that the transactions involved in counts 28 and 29 took

---

[1] Every time the indictment mentions Crow Creek Tribal Schools, the indictment also mentions in the alternative the Crow Creek Sioux Tribe. For brevity, the court has shortened this reference to the school alone. However, each such reference should be understood by the reader to refer to the school or the tribe or both. Distinguishing between the two tribal entities is not relevant to any of the issues discussed in this opinion.

the form of two checks numbered 6661 and 6662, in the amounts of $1,500 and $5,000 respectively, and that both checks were made payable to Mr. Raue.

Counts 30 and 31 charge Scott Raue with accepting bribes from Kutz Construction. The indictment does not say whether the bribes were in cash, check, property, or any other form, nor does the indictment specify the amount of the bribes, other than to say they had a value of $5,000 or more. The dates for each bribe in each count are approximate and cover a span of months. Count 30 alleges that the bribe took place sometime over a nine-month period between January 10, 2005, and September 23, 2005. Count 31 alleges that the bribe took place some time over a six-month span between October 11, 2005, and February 15, 2006.

Count 32 charges that Scott Raue, with unnamed others, devised a fraudulent scheme to obtain money under false pretenses on or about December 6, 2005. This count specifically avers that part of the fraudulent scheme involved Richard Dean Baysinger presenting invoices to Nystrom Electric for work that was never done and that Nystrom Electric would then issue a check to Baysinger, who would share some of the proceeds of the check

with Raue.[2] This charge specifies a specific date, a check number, an amount, and the financial institution on which the check was drawn.

Counts 33 through 38 of the indictment charge Scott Raue and Richard Dean Baysinger with money laundering in connection with six checks in December, 2005. The indictment does not explain whether these checks were drawn on the Nystrom Electric bank account, on Mr. Baysinger's bank account, or on Mr. Raue's bank account. However, the indictment does specify approximate dates, specific amounts, check numbers, and, except for count 33 and count 35, it also specifies to whom the checks were made payable.

Count 39 charges Scott Raue with embezzling $5,000 and more from the Crow Creek Tribal Schools on or about December 6, 2005, and converting it to Nystrom Electric. The indictment does not say whether the object of the embezzlement was cash or property or the specific value.

Counts 40-46 charge that John Nystrom gave money to Scott Raue to bribe him as an agent of the Crow Creek Tribal Schools on 7 separate occasions between January and December, 2005. Counts 47-53 are the mirror image of counts 40-46 in that they charge Scott Raue with accepting the bribes given by John Nystrom as charged in counts 40-46. These counts specify that

---

[2] Richard Dean Baysinger is charged in a separate court file with a separate indictment. See Case No. 07-cr-30101. It is unknown to the court what his relationship is, if any, to John Nystrom or Nystrom Electric. In addition, neither the original indictment nor the superseding indictment in Mr. Nystrom's case indicate the relationship between John Nystrom and Nystrom Electric.

the bribes took the form of checks, gives the check numbers, the approximate date of each check, the exact amount of each check, and the person to whom each check is made payable.

Count 54 charges Scott Raue, Patsy Hawk, and Brady Hastings with embezzling money from the Crow Creek Tribal Schools on or about June 30, 2005. The count does not specify an exact amount of the embezzlement, other than to say it had a value of $5,000 or more. The count does not say whether it was cash, check, or property that was taken.

Count 55 charges Scott Raue and Brady Hastings with money laundering in connection with the withdrawal of $5,000 from a bank account with check number 5386 on July 18, 2005. The financial institution on which the check was drawn is not stated, nor is the owner of the account or the payee on the check identified.

**B.    Mr. Raue's Motion**

Mr. Raue seeks a bill of particulars as to 13 counts in the indictment.

### 1.    Count 27

Mr. Raue seeks the identity of the person who is alleged to have bribed Mr. Raue, how much the bribe was, how the bribe was paid, and the source of the payment.

### 2.    Counts 28 and 29

Mr. Raue wants the government to identify the financial institution and specific account on which the checks were drawn.

### 3. Count 30

Mr. Raue seeks the exact date and amount of each transaction, whether the transaction was in cash or by check, and if by check, identifying the financial institution and account on which the check was drawn.

### 4. Count 31

Mr. Raue seeks the exact date and amount of each transaction, whether the transaction was in cash or by check, and if by check, identifying the financial institution and account on which the check was drawn.

### 5. Counts 33-38

As to counts 33 and 35, Mr. Raue seeks to know the identity of the payee to whom the checks were made payable. As to count 38, Mr. Raue seeks to have a check number given for the charge. As to all the counts, Mr. Raue seeks to know the financial institution upon which the checks were written.

### 6. Count 39

Mr. Raue seeks to know the amount of the embezzlement and whether the embezzlement was by cash, check, or other means. Mr. Raue also seeks to have the government identify what documents would be necessary for Mr. Raue to obtain so he can prepare a defense.

### 7. Count 55

Mr. Raue seeks to know the financial institution on which the check was drawn.

The government resists Mr. Raue's motion, asserting that, between the details recited in the indictment and the voluminous discovery provided to Mr. Raue, Mr. Raue can adequately prepare his defense and not be prejudicially surprised at trial. The government asserts that it has provided to Mr. Raue copies of all the checks, bank account statements, invoices and other evidence of the transactions described in the indictment. Neither the names, account numbers, nor any part of these documents is obliterated or otherwise blocked out.

## DISCUSSION

**A.    The Law Relating to a Bill of Particulars**

Rule 7 of the Federal Rules of Criminal Procedure provides as follows with regard to a bill of particulars:

> **(f)  Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

See Fed. R. Crim. P. 7(f).

"A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant. Its functions are to give the defendant notice of the essential facts supporting the crimes alleged in the indictment or information, and also to avoid prejudicial surprise to the defense at trial." 1 Charles A. Wright and Andrew D. Leipold, Fed. Practice & Procedure: Criminal, § 129, 656 (4th ed. 2008). See also United States v.

Shepard, 462 F.3d 847, 860 (8th cir. 2006); United States v. Hernandez, 299 F.3d 984, 989-990 (8th Cir. 2002), cert. denied, 537 U.S. 1134 (2003).  In order to obtain a bill of particulars, a defendant must demonstrate that the document is necessary to adequately prepare his case or to avoid prejudicial surprise at trial.  1 Fed. Practice & Procedure:  Criminal, § 129 at 658.  Whether a motion for a bill of particulars should be granted depends on how complex the crime charged is, how much discovery has been provided by the government, how clear the indictment is, and other sources of information otherwise available to a defendant to inform himself of the nature of the government's case against him.  Id. at 659.  Whether to grant a motion for a bill of particulars is entrusted to the trial court's discretion.  Id. at 660.  A bill of particulars is not a discovery device and will not be granted if the prosecution has provided the desired information through pretrial discovery or in some other acceptable manner.  Id. at 663-664; United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990).

In United States v. Adcock, 558 F.2d 397, 400-401 (8th Cir. 1977), the defendant was part of a bribery scheme involving the distribution of liquor.  He was charged with violation of income tax laws for failing to declare the income he received as bribes and for filing false tax returns that omitted that income.  Id.  The Eighth Circuit affirmed the district court's denial of defendant's request for a bill of particulars because the government "had informed the

defendant of the sources of unreported income, both during the prosecution and pre-prosecution years" and the indictment in the case "set forth in factual terms the elements of the offenses charged." Id. at 405-406.  The Eighth Circuit concluded that the information provided was sufficient to allow the defendant to prepare for trial and to defend against double-jeopardy.  Id.

In an Eighth Circuit case involving charges of kidnapping, the district court's denial of the defendant's request for a bill of particulars was affirmed on appeal where the indictment informed the defendant of the time and place of the wrongdoing, the acts alleged to have resulted in a violation of the laws of the United States, . . . the manner in which the act occurred", gave the names of the persons who were alleged to have been kidnapped, alleged the city and state from which they were taken, and the city and state to which they were brought.  See United States v. Key, 717 F.2d 1206, 1210 (8th Cir. 1983).

In a bribery case involving obtaining mortgages, the district court denied defendants' motion for a bill of particulars in most respects, but granted the defendants' motion to obtain the names of those who paid money to the defendants, as alleged in the overt acts.  United States v. McCarthy, 292 F. Supp. 937, 940-941 (S.D.N.Y. 1968).

Likewise, in United States v. Dean, 266 F. Supp. 159, 160 (D.C.N.Y. 1966), the court in a bribery case granted the defendants' motion for a bill of particulars as to four categories of information:  (1) the approximate date and

9

time of day when the defendant received the bribe; (2) the person who gave the defendant the bribe; (3) the place where the defendant received the bribe; and (4) whether the payment was made by cash or check or both.

In a more recent bribery case, the government was not required to provide a bill of particulars where the detailed indictment and the discovery provided by the government together sufficiently apprised the defendants of the transmissions and transfers of funds, including dates, times, and amounts of such transfers, which formed the basis of the charges against the defendants. United States v. Chalmers, 410 F. Supp. 2d 278, 284-286 (S.D.N.Y. 2006).

The district court in United States v. Giffen, 379 F. Supp. 2d 337, 346-347 (S.D.N.Y. 2004), also denied a motion for a bill of particulars where the indictment was detailed, alleging a series of acts, identifying some co-conspirators, and describing the alleged bribing scheme, including specific dates, locations, and monetary amounts.  Together with the discovery the government had provided, the court held that the defendants were sufficiently apprised of the charges against them so as to enable them to adequately prepare for trial and to avoid unfair surprise.  Id.

**B.     Application of the Law to Mr. Raue's Motion**

   **1.     Timeliness**

The government first resists Mr. Raue's motion on the grounds that the motion was not made within the 10-day time frame set forth in Rule 7(f). However, Rule 7(f) itself gives the court discretion to allow motions to be made

outside the 10-day time period.  Noteably, unlike many other rules setting forth time frames during which a motion shall be made, Rule 7(f) does not require the moving party to demonstrate "good cause" or "excusable neglect" before a motion outside the 10-day period may be entertained by the court.  The court hereby grants Mr. Raue permission to make his motion outside the 10 days set forth in Rule 7(f).  Accordingly, the court rejects the government's argument that the motion should be denied as untimely.

    **2.    Merits**

        **i.    Counts 27, 28, and 29**

In filing his motion, Mr. Raue may have already accomplished what he hoped to accomplish by having a bill of particulars filed.  That is, the government has clarified many aspects of the indictment and the relationship between various charges in the indictment.

For example, Mr. Raue complained about Count 27, which charges him with accepting a bribe involving a value of $5,000 or more on March 24, 2003, but does not specify the briber, whether the bribe was by cash or check, the account on which the check was drafted if the bribe took the form of a check, and the bank in which the account was situated.  The government, in its response to Mr. Raue's motion, explains that Count 27 is directly connected to the money laundering charged in Counts 28 and 29.  Counts 28 and 29, therefore, supply Mr. Raue with the check numbers, dates of the checks,

specific amounts of the checks, and the payees on the checks for the bribe listed in Count 27.

Reading Counts 27, 28, and 29 together, as the government says they are intended to be read, the only information missing is the account name and/or number that the checks were drawn on and the name of the bank in which the account was situated. The check numbers are consecutive, so it can be assumed that the checks were both drawn on the same bank account. Following the government's response in this motion and the hearing held on this motion, Mr. Raue withdrew his motion for bill of particulars on these three counts. Accordingly, the court denies as moot Mr. Raue's motion as to Counts 27-29.

      ii.    **Counts 30 and 31**

Count 30 charges Mr. Raue with accepting a bribe sometime within a 9-month time frame in an unspecified amount, though larger than $5,000, from Kutz Construction. Count 31 likewise charges Mr. Raue with accepting a bribe sometime within a 4-month time frame in an unspecified amount, though larger than $5,000, from Kutz Construction. Neither count identifies whether the bribe was cash, check or property. Neither count identifies the exact amount and number of transactions. This is a case where clearly the defendant could not prepare a defense based on the indictment alone as it is bereft of essential information.

The government, in its written response, supplies little else. The government asserts that Counts 30 and 31 involve bribes from "another individual and his business, Kutz Construction."

Royal Edwin Kutz is a defendant in a separate but related case, criminal number 08-30020. Mr. Kutz has entered a plea of guilty. The statement of factual basis filed in support of his plea states in paragraph 5 facts specifically relating to Count 30 in Mr. Raue's case. The factual basis in Mr. Kutz's case, however, does not appear to touch upon Count 31 in Mr. Raue's case.

As to Count 30, Mr. Kutz's factual statement indicates that between January 10, 2005, and September 23, 2005, the same dates alleged in Count 30 in Mr. Raue's indictment, Scott Raue would tell Royal Kutz how much money he wanted in cash as a bribe so that Mr. Raue would continue to hire Kutz Construction and to reward Mr. Raue for hiring Kutz Construction in the past. Mr. Kutz would then obtain the cash and place it at a pre-designated location within a shed for Mr. Raue to pick up. The statement of facts indicates that Mr. Kutz gave Mr. Raue cash bribes of somewhere between $30,000 and $70,000 in this fashion. See Crim. No. 08-30020, Docket No. 19. The statement of factual basis in Mr. Kutz's case is a matter of public record of which Mr. Raue may avail himself.

Were it not for the fact that Mr. Kutz had entered a plea of guilty to the facts supporting Count 30 against Mr. Raue, this information would not be

known to Mr. Raue.  No such comparable information was available as to Count 31 prior to the hearing on this motion.

At the hearing in this matter, however, the government confirmed the details in Mr. Kutz's statement of factual basis were the facts supporting Count 30 against Mr. Raue.  The government also represented that the bribe alleged in Count 31 took place in identical manner as the bribe in Count 30 and that Count 31 also involved cash.  The government represented that the amount of cash exchanged on Count 31 between Mr. Kutz and Mr. Raue was "around $40,000."  Finally, the government represented that it had provided discovery to Mr. Raue of Mr. Kutz's bank account statements and Mr. Raue's bank account statements for the time periods involved in Counts 30 and 31 and that the government segregated this discovery for Mr. Raue to further identify the transactions.

As to Counts 30 and 31, the court finds that Mr. Raue has been provided with sufficient information, through the indictment, Mr. Kutz's statement of factual basis, through discovery, and through the additional explanations provided by the government in connection with the pending motion, so that Mr. Raue may defend himself at trial and avoid prejudicial surprise.  The nature of cash bribes is necessarily indistinct.  One may never know with precision the amounts exchanged and the dates those exchanges were made.  The government has provided sufficient information as to these counts, given

the nature of the crimes alleged. Accordingly, the court denies Mr. Raue's motion for a bill of particulars on Counts 30 and 31.

### iii. Counts 33 through 38

In response to Mr. Raue's motion, the government explained that the checks itemized in Counts 33 through 38 all relate specifically to the scheme to defraud described in Count 32. Based upon the government's clarification and explanation, Mr. Raue withdrew his motion for a bill of particulars as to Counts 33 through 38. Accordingly, the court denies as moot Mr. Raue's motion as to these counts.

### iv. Count 39

Count 39 alleges that on December 6, 2005, Scott Raue embezzled and intentionally converted to Nystrom Electric something having a value in excess of $5,000 and owned by the Crow Creed Sioux Tribe. In its written response and at the hearing, the government explained that Count 39 is directly related to Counts 32 through 38. Count 32 details the money that was transferred from Nystrom Electric to Richard Baysinger, and Counts 33 through 38 detail the money transferred from Mr. Baysinger to Mr. Raue and others on Mr. Raue's behalf. Count 39, then, supplies the missing link by alleging the transfer of funds from Crow Creek Sioux Tribe to Nystrom Electric. The court would have been hard-pressed to draw these conclusions about the relationships between Counts 32 through 39 were it not for the government's explanations.

There is a specific check associated with Count 39, drawn on the Crow Creek Sioux Tribe's account. However, the government refused to identify the check number either at the hearing or in its written response, stating that it did not believe Mr. Raue was entitled to have the government provide that information. For his part, Mr. Raue's counsel indicated that he has reviewed the copies of checks from the Crow Creek Sioux Tribe's account that were provided in discovery. No such check in discovery on the Crow Creek Sioux Tribe's account matches the date alleged in Count 39, that is, December 6, 2005.

In a case such as this with 55 separate counts and many thousands of pages of discovery, Mr. Raue cannot be faulted for wanting to know which check he should associate with Count 39. Despite the government's assertion to the contrary, the court believes Mr. Raue is entitled to know this information. Accordingly, the court will grant Mr. Raue's motion for a bill of particulars as to Count 39.

### v.   Count 55

Based on the additional information provided by the government in response to Mr. Raue's motion on Count 55, Mr. Raue withdrew his motion as to this count at the hearing. Accordingly, the court denies as moot Mr. Raue's motion as to Count 55.

**CONCLUSION**

Based on the foregoing discussion, it is hereby

ORDERED that Mr. Raue's motion for a bill of particulars as to Counts 27-29, 30-31, 33-38, and 55 is denied.  It is further

ORDERED that Mr. Raue's motion for a bill of particulars as to Count 39 is granted.  The government shall specify within 5 business days to Mr. Raue the specific check number, date, amount of the check, and payee issued on the Crow Creek Sioux Tribe's account that forms the basis of Count 39.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated November 12, 2008.

                                          BY THE COURT:

                                          /s/ *Veronica L. Duffy*
                                          VERONICA L. DUFFY
                                          UNITED STATES MAGISTRATE JUDGE